KINSEL v. GROSS.

*Error proceedings—Finding of jury on conflicting evidence not disturbed, when—Existence of special contract for work— Truthfulness of parties question for jury.*

Finding of jury on conflicting evidence as to existence of special contract in action for work will not be interfered with by Court of Appeals; question as to which party was telling truth being for jury, not reviewing court.

(Decided March 25, 1926.)

ERROR: Court of Appeals for Perry county.

*Mr. T. M. Potter,* for plaintiff in error.
*Mr. E. C. Wagner,* for defendant in error.

HOUCK, J. This is a proceeding in error, which comes into the Court of Appeals from the common pleas court of Perry county. The parties here stand in the reverse order from that held in the lower court, but hereafter will be referred to as plaintiff and defendant.

The plaintiff, Jesse Gross, filed suit in the common pleas court, seeking to recover a judgment against the defendant, Sheldon Kinsel, for $655.50, which he claimed to be due him for work and labor performed for the defendant, and at the special instance and request of the defendant. The petition contained an itemized statement of labor performed; also the credits in the way of payments.

The defendant for answer set up three defenses: First, a general denial; second, payment; and, third, a special verbal contract, whereby plaintiff was to assist defendant in and about his coal mine at odd jobs, etc., for the sum of $50 per month, to be paid in installments of $25 twice each month so long as such employment continued, plaintiff to have free house rent and free fuel.

A reply was filed by plaintiff, admitting that he worked until the 5th day of February, 1924, and denying all the other allegations of the answer.

Upon the issues raised by the pleadings the question was submitted to a jury upon the evidence offered at the trial, and a verdict was returned for plaintiff in the sum of $305.60. The usual motion for a new trial was filed, which was overruled by the trial judge, who entered a judgment on the verdict for the amount found due the plaintiff.

This judgment is sought to be reversed upon two grounds: First, that the trial judge erred in his charge to the jury; second, that the verdict was manifestly against the weight of the evidence.

We have read the entire testimony as contained in the bill of exceptions, and have examined the record with a view of ascertaining whether or not either or both of the claims of counsel for the de-

fendant below, the plaintiff in error here, are well founded.

The charge of the court deals fully with every disputed fact in the case, and the law given to the jury fully covers each and all of the issues raised by the pleadings and the evidence; hence we are of the opinion that the charge of the trial judge was not prejudicial to the rights of the defendant.

The real contested issue of fact in the case, as disclosed by the testimony, was whether or not the special contract pleaded by the defendant was entered into. The verdict of the jury was against the claim of defendant upon this proposition. However, upon this question of fact there was an absolute conflict in the testimony; the plaintiff testifying one way and the defendant the opposite. However, it seems from the verdict that the jury believed the plaintiff, and disbelieved the defendant, and it is not within the province of a reviewing court to determine which one of the parties testifying told the truth and which one falsified, if either. That was a question for the determination of the jury. Therefore this court cannot, and will not, attempt to invade the province of the jury in passing upon this disputed question of fact.

The verdict is not manifestly against the weight of the evidence, as we view it. Finding no prejudicial error in the record that would authorize or warrant a reviewing court to reverse the judgment, the judgment of the common pleas court is affirmed.

*Judgment affirmed.*

SHIELDS, J., and SAYRE, J., the latter of the Fourth Appellate District, sitting in place of PATTERSON, J., concur.